## UNITED STATES v. FOSTER et al.
### Civ. A. No. 9870.

United States District Court
W. D. Pennsylvania.
Oct. 24, 1952.

228

Albert C. Osofsky, Litigation Atty., Philadelphia, Pa., for plaintiff.

Brockway, McKay & Brockway, Sharon, Pa., for defendants.

GOURLEY, Chief Judge.

The United States brings this action against Andrew Foster, Theodore Rogalny and 712 Spearman Avenue Corporation, defendants, because of rent overcharges in violation of Section 206(a) of the Housing and Rent Act of 1947 as amended, 50 U.S.C.A.Appendix, § 1881 et seq. The authority of the United States to bring such an action is found in Sections 205 and 206(b) of the Act, as amended.

Upon calling this matter for trial, after due and proper notice had been given to all interested parties and their counsel, defendants failed to appear, either by counsel or in person, and the Court proceeded to trial ex parte.

The Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. At all times material hereto, the defendants were the landlords of controlled housing accommodations within the Defense Rental Area of Erie, Pennsylvania, designated as Second Floor South Apartment, 712 Spearman Avenue, Farrell, Pennsylvania.

2. At all times material hereto, the maximum rent for the said housing accommodations was $32 per month.

3. From March 17, 1950 to March 16, 1951, the defendants collected rent for the said housing accommodations from the tenant Elizabeth Myslak in the sum of $15 per week. The total amount which the defendants thereby received in excess of the maximum rent was $396.24, of which sum $213.-36 was received within one year prior to the date of the institution of this suit.

4. The defendants have failed to prove that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation.

### Conclusions of Law

1. This Court has jurisdiction over the subject matter of this action and the parties hereto.

2. The defendants have violated the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulations issued thereunder, by collecting rent in excess of the maximum rent permitted by said Act and Regulations issued thereunder.

3. The defendants having engaged in the foregoing violation, the issuance of an Order enforcing compliance and requiring restitution to the tenant is authorized and warranted.

4. The plaintiff is entitled to recover damages in the amount of twice the overcharges received by the defendants within one year prior to the date of the institution of this suit.

5. An order should issue:

(a) Entering judgment for the plaintiff and against the defendants in the sum of $426.72.

(b) Directing the defendants to pay to the Treasurer of the United States the sum of $396.24 for the use and benefit of Elizabeth Myslak; such payment to be made through the Office of Rent Stabilization, Regional Litigation Section, 1 North 13th Street, Philadelphia 7, Pennsylvania.

(c) Enjoining the defendants, their agents, servants, employees and all persons in active concert or participation with them from directly or indirectly soliciting, demanding, accepting, receiving or retaining any rent in excess of the maximum legal rent established by the Housing and Rent Act of 1947, as amended or superseded, and

the Regulations issued thereunder, as amended or superseded.

(d) Directing the defendants to pay the costs of this suit.

An appropriate order is entered.